UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

HECTOR GUZMAN LOPEZ,

Petitioner,

v.

JULIO HERNANDEZ, et al.,

Respondents.

CASE NO. 2:26-cv-04034-BAT

**ORDER GRANTING PETITION AND ORDERING RELEASE**

Petitioner filed a writ for habeas corpus requesting the Court order Respondents to release him from immigration detention on the grounds the immigration judge ("IJ") arbitrarily and capriciously denied bond. The Court **GRANTS** the habeas corpus petition and **ORDERS** Respondents to release Petitioner from custody as follows.

On October 21, 2026, Petitioner filed a habeas petition contending the IJ's denial of bond is legally erroneous and attached the brief and documentation in support he submitted to the IJ, and a transcription of the hearing before the IJ. Dkt. 1. Petitioner avers he has lived in the Vancouver, Washington area for decades; has worked for Battleground Produce since 2009, has been married 25 years, and has two children. His youngest child is a school aged child is a U.S. citizen and is a qualifying relative for Petitioner's application for cancellation of removal. Petitioners submitted numerous letters in support of release from employers, coworkers, pastors,

teachers (Petitioner's child receives special educational services) and other supporters. Petitioner acknowledges in 2007 he was convicted of possessing cocaine in Washington; however, there is no dispute the conviction was dismissed and nullified in 2008 on the grounds it was unconstitutional.

Respondent does not contest the Court's jurisdiction to consider Petitioner's challenge to his immigration detention. This Court reviews the IJ's bond determination as to dangerousness and flight risk for abuse of discretion. *See Martinez v. Clark*, 124 F.4th 775, 784 (9th Cir. 2024). The Court does not reweigh the evidence but determines if the IJ applied the correct legal standard or is unsupported by sufficient evidence. *See Id*. at 785. In making bond determinations, IJs consider the so-called "Guerra factors":

> (1) whether the [noncitizen] has a fixed address in the United States; (2) the [noncitizen's] length of residence in the United States; (3) the [noncitizen's] family ties in the United States, and whether they may entitle the [noncitizen] to reside permanently in the United States in the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006).

The IJ found Petitioner posed both a risk of flight and a danger to the community. An IJ's finding a noncitizen poses a flight risk must rationally bear on the noncitizen's likelihood to appear for immigration proceedings. *Rodriguez-Pineda v. Hernandez*, No. C26-2367-MLP, 2026 WL 2321531, at *4 (W.D. Wash. Aug. 11, 2026). District courts examine whether the IJ explained their reasoning and conclusions and may find the IJ abused their discretion where no reasoned connection was drawn between the IJ's factual findings and determination of flight

risk." *Shevchuk v. Scott*, No. 2:26-CV-01872-SAB, 2026 WL 1802094, at *1 (W.D. Wash. June 23, 2026).

Here, the IJ found Petitioner posed both a flight risk and danger to the community primarily based upon Petitioner's vacated 2007 possession of cocaine conviction and counsel's position the IJ could not question him about the conviction. The IJ disagreed indicating the IJ can ask anybody if they used drugs "to show whether they are a danger to the community" and that Petitioner "has failed to meet his burden of proof by a preponderance of the evidence that he is not a danger to the community and that he is not a flight risk.: Dkt. 1, Exhibit at 295.

The Court finds the IJ erred as a matter of law. The IJ relied upon Petitioner's 2007 conviction for possessing cocaine as evidence of flight risk despite the fact there is no evidentiary nexus between that dismissed conviction and whether Petitioner is a risk of flight. The evidence before the IJ showed at the time Petitioner was arrested by Respondents, he had lived in Washington for 25 years, had been gainfully employed at the same company since 2009, his employer and coworkers stated he was hardworking, reliable and always showed up for work. Petitioner has been married for 25 years and has two children that he supports financially. There is no evidence Petitioner has ever failed to appear for court appearances. The Court concludes that as a matter of law here is no evidentiary nexus between the IJ's finding Petitioner is a flight risk and the facts before the IF and the IJ's finding is thus arbitrary and capricious.

Similarly, the IJ erred as a matter of law in finding Petitioner is a danger to the community. The ALJ made this finding again focusing on Petitioner's vacated 2007 possession of cocaine conviction and Petitioner's declination to be questioned about the offense and drug use. Even assuming Petitioner used cocaine in 2007, there is no nexus between that assumption and the IJ's danger to the community finding. The record before the IJ indicated that since the

dismissal of the possession of cocaine charge, Petitioner has for the last 18 years lived a stable and law-abiding life, has held the same job for 17 years, supports his family, with no subsequent arrests or indication of any substance use. While criminal history may be relevant to a bond assessment, criminal history alone is not necessarily sufficient to justify denial of bond on the basis of dangerousness. Rather, the IJ must consider the recency and severity of the criminal history. Thus, evidence of criminal conduct is less compelling after the passage of time, which is an undeniably relevant factor the IJ must consider. Indeed, when a conviction occurred years ago, the IJ should consider whether the noncitizen has been law-abiding since then. This requirement is consistent with *Guerra* which directs IJs to consider "the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses." *Guerra,* 24 I. & N. Dec. at 40.5.

Here, the IJ did not indicate any consideration of the remote date of Petitioner's 2007 conviction, the dismissal of this conviction, or how Petitioner has since the 2007 conviction for possession cocaine lived a stable and law-abiding life. The Court concludes the IJ's finding Petitioner is a danger to the community is arbitrary and capricious.

Respondents argue the Court should require Petitioner to exhaust his administrative remedies, that is wait for the BIA to resolve Petitioner's appeal of the bond determination. Dkt. 7. The exhaustion requirement is prudential for habeas claims. *Arango Marquez v. I.N.S.*, 346 F.3d 892, 897 (9th Cir. 2003)). Exhaustion may be required when (1) agency expertise makes agency consideration necessary to create a record to reach a proper decision; (2) relaxation of the requirement would encourage deliberate bypass of administrative remedies; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. Here, an administrative appellate record is not needed to resolve the

legal questions presented in this habeas challenge; waiver of exhaustion will not encourage the deliberate bypass of the administrative scheme for all future cases, the Court's ruling will resolve Petitioner's individual claim; and where the agency's position on the present issue is already set, and recourse to administrative remedies would be futile.

For the foregoing reasons, the Court **ORDERS:**

1. The petition for writ of habeas corpus is **GRANTED**. Dkt. 1.

2. Respondents shall **RELEASE** Petitioner with reasonable conditions within **24 HOURS** of entry of this order and file a status report certifying he has been released within **48 HOURS** of entry of this order. Respondents shall return to Petitioner any property taken.

3. Respondents and their respective officers, agents, employees, attorneys, and other persons acting on their behalf are prohibited from redetaining Petitioner unless and until he is provided with adequate notice and a hearing before an immigration court to determine whether re-detention is appropriate.

4. Petitioner may file a motion for an award of fees and expenses under the Equal Access to Justice Act within the time required by statute.

DATED this 10th day of November, 2026.

BRIAN A. TSUCHIDA
United States Magistrate Judge